J. Seoane & Co., Sucrs., S. en C., Plaintiff and Appellant, *v.* Encarnación Hernández et al., Defendants and Appellees.

No. 6898. Decided January 12, 1938.

*Antonio L. López* for appellant. *M. Rodríguez Alberty* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

ON MOTION FOR RECONSIDERATION

This case was decided by judgment of July 23, 1937 (ante, p. 56). The appellant, not content, has filed a motion for reconsideration. We have studied it carefully and are convinced that it must be dismissed for the reason that the judgment is supported not only on the grounds set forth in the opinion upon which it is based, but on other grounds which were left in the opinion without decision, as follows:

"In making its assignment of errors the appellant starts from the basis that the acts performed by the first four defendants in waiving their rights to the property in question constituted a gratuitous donation, which action complementing any failure of the tes-

tamentary disposition of Maximino Zayas in giving to his youngest son the other defendant Jacinto, an advantage or extra portion, caused the record of the property in the registry in favor of the latter, and admitting this to be so, although without deciding it, that is, placing ourselves in the condition most favorable for the appellant, we think, that the judgment appealed from should not be reversed.''

It was then stated that the insolvency of the defendants had not been shown, and the opinion closed with the following words:

''And as this is the result of the evidence, we cannot annul the donation which on the other hand does not even suggest fraud but is explained perfectly by what is mentioned in the deed of August 29, 1930, to wit; to have the older children make effective the intent of the father which was solemnly expressed in his will and to guarantee to the mother and to the minor brother a home where they could continue to live.''

From a re-examination of the case as a whole, we believe that the question left open should have been and must be answered in the negative.

The provision of law upon which the plaintiff has founded his action has no applicability in this case, that is: ''The gift shall always be presumed as having been made to defraud creditors when, at the time of bestowing it, the donor has not reserved to himself property sufficient to pay the debts contracted prior thereto.''

Here the one who transferred the property in question to the defendant Jacinto Zayas was his father, who, in giving him an advantage or extra portion in his will, made, a transfer to him to take effect after his death. The other defendants, Encarnación Hernández, and Generoso, Etelvina, and Alfonso Zayas, were not transferors. All that they did was to clear away obstructions so that the will of the father might be carried out in its entirety.

It is true that Section 578 (644, Comp. 1911) of the Civil Code (1930 ed.) provides that ''Notwithstanding the provi-

sions of Section 576, no person can give nor receive, by way of gift, more than what he can give or receive by will,'' and that ''A gift shall be considered void in all that exceeds said limits.''

It is likewise true that in Section 596 (662, Comp. 1911) the same code directs that ''Gifts which, in accordance with the provisions of Section 578, may be void after computing the net value of the property of the donor at the time of his death must be reduced with regard to the excess, . . .''

This is, however, immediately followed by Section 597 (663, Comp. 1911), limiting the action to demand a reduction as follows:

''The reduction of gifts can be demanded only by the persons who have a right to a legal portion or to an aliquot part of the estate and their heirs or legal representatives.

''The persons included in the preceding paragraph can not renounce their right during the life of the donor, neither by an express statement nor by giving their consent to the gift.

''The donees, the legatees who are not to receive an aliquot part, and the creditors of the deceased can not request the reduction or derive any benefit therefrom.''

The plaintiff, a creditor of the heirs who owed him $400 which he now claims, could not compel such heirs to demand the reduction of the advantage or extra portion. Even though insolvent, they had the power freely to act as they did. The remedy a creditor has does not go so far. Their act is different from that of a debtor who gives away property in his possession with intent to defraud his creditor, or from that of a debtor who repudiates an inheritance to the prejudice of his creditors. In the latter case, Section 955 of the Civil Code recognizes the right of the creditor to request the district court having jurisdiction to authorize him to accept in the name of the heir.

Since the doctrine which we have here set forth has not passed through the test of a full argument between the parties, it must as precedent be considered only in the light of

the particular facts and circumstances from which it arises, as set forth in the opinion.

The motion for reconsideration must be denied.

Mr. Justice Córdova Dávila took no part in the decision of this case.